## McClendon *v.* Stewart.

(Division A. Oct. 22, 1923.)

[97 South. 547.  No. 23513.]

ARBITRATION AND AWARD.  *Arbitration award not vacated except for prejudicial misconduct of arbitrators.*

Under chapter 3, Hemingway's Code (chapter 6, Code of 1906), an arbitration award will not be vacated unless procured by corruption fraud or undue means, or with evident partiality or corruption or misconduct in refusing to hear material evidence, failing to postpone the hearing, or other prejudicial misbehavior of arbitrators.  *Held*, the evidence insufficient to vacate award.

APPEAL from chancery court of Scott county.

HON. G. C. TANN, Chancellor.

Suit by Mrs. Colistia Stewart against Mrs. Minnie McClendon.  From a decree for plaintiff, defendant appeals.

Reversed and judgment here for appellant.

*W. W. Pierce,* for appellant.

The assignment of error upon which the appellant mainly relies for a reversal is the action of the chancellor in setting aside and vacating the award of the arbitrators. The findings of the chancellor were unwarranted in view of the testimony in the record and the law governing this case. According to the testimony in the record there are some facts conclusively established: That the parties in this controversy submitted, under their solemn oath, their dispute to arbitration, agreeing to be bound by the award of the arbitrators; that the arbitrators met; that the parties appeared before the arbitrators; that the arbitrators heard all the testimony offered before them; that there was no application or request on the part of the exceptant for a continuance or postponement of the hearing to a later date; and that the arbitration was conducted honestly and fairly, and regularly in all respects. No witness denies any of these propositions.

It is further evident that if the findings of the chancellor in vacating and setting aside the award of the arbitrators is upheld by this court, it must be done on the theory that a court of equity has an arbitrary power over awards and can set aside and vacate it, whenever the judgment and conclusions reached by the arbitrators, after a full and fair hearing, does not coincide with the views of the chancellor.

An award regular in all respects as the one at bar, cannot be assailed or set aside except upon some one or more of the grounds laid down in the statute, section 107 of the Code of Mississippi of 1906, and reiterated by the whole current of authorities on the subject, to-wit: fraud, partiality, or misconduct on the part of the parties or the arbitrators. To hold otherwise would be to make the submission to arbitration and an award in pursuance of same a mere plaything to be thrown aside when either party is tired of it. *Bennett* v. *Russell,* 34 Miss. 524; *Jenkins* v. *Maugher, et al.,* 46 Miss. 34; *Burchell* v. *Marsah et al.,* 17 How. 344, 15 U. S. (L. Ed.) 96; *Jones* v. *Boston Mill Corporation,* 6 Pick. (Mass.) 148; *Memphis & Charleston R. R. Co.* v. *Scruggs,* 50 Miss. 296.

The fourth objection to the award in this case, that the arbitrators exceeded their powers, and that they so imperfectly executed them, that a mutual, final and definite award on the subject-matter was not made, is without foundation. There is nothing in the record to show that the arbitrators exceeded their power or authority or went beyond the limits of the submission.

PRESUMPTIONS IN FAVOR OF AWARDS. Every reasonable intendment will be indulged to give effect to proceedings of arbitrator's acts. And where objections are taken to an award proper on its face every reasonable presumption will be indulged in its favor. The burden of proof rests upon the complaining party attacking the award. 5 Corpus Juris, 244, section 675; *Upshaw* v *.Hargrove*, 6 S. & M. 286-292; *Hill* v. *Hill*, 11 S. & M. 616-626; 5 Corpus Juris, p. 246, section 681. In order to justify a court in setting aside an award, the fraud or other ground of impeachment must be made out by clear and strong evidence. 5 Corpus Juris, 247, section 695; 5 Corpus Juris, 243, sections 669-670; *Mississippi Cotton Oil Co.* v. *Buster*, 24 Miss. 91. And where fraud is charged, mere preponderance of testimony against the award, or where the proof is conflicting concerning it, will not justify its being set aside. *Bennett* v. *Russell*, 34 Miss. 524.

Next, the court committed error in overruling defendant's objection to the evidence as to the original merits of the controversy in favor of one party or the other on the issue to vacate the award of the arbitrators. *Jenkins* v. Meagher, et al., 46 Miss. 84. We submit that this alone is sufficient to reverse the decision of the chancellor in the case at bar. Mrs. Stewart was not unconscious at the time she transferred the note. *Simonton* v. *Bacon*, 49 Miss. 582. The case of *Wherry et al.* v. *Latimer et al.*, 103 Miss. 534, holds: "The law presumes that every man is sane and honest; that all his acts are dictated by correct motives, and are the result of his own independent, intelligent, and unaided judgment. It also presumes that all his contracts are valid, and were entered into freely

and voluntarily, in the exercise of an intelligent discretion. It never presumes dishonesty, mental incapacity, undue influence, or any other matter tending to vitiate a contract; but always requires proof of facts from which such dishonesty, mental incapacity, fraud, undue influence, or other matter may be reasonably inferred." In the case at bar we have the effect of the appellee to cancel the transfer of the notes to the appellant on the ground of mental incapacity of the appellee to execute the transfer, and the undue influence of her daughter, the appellant, and to reinvest the appellee with all rights under the note. In this case the burden was on the appellee to clearly establish by testimony, either the total mental incapacity of the appellee, or the undue influence of the appellant as to take away the free agency of the complainant. We submit that without a clear showing a decree should have been rendered in favor of the appellant, and we earnestly insist that the facts in this case did not warrant the findings of the chancellor, and that this case should be reversed and a decree rendered in favor of the appellant.

*W. M. Everett,* for appellee.

The main and only reliance the appellant has in this case to lean upon, is the award made by the arbitrators as shown both in the testimony and the papers introduced in the trial of this case. The questions of gift and fraud are questions too well settled by this court to admit of any argument in this case. There is no question but what the facts disclosed by this voluminous record, disclose a most painful and ugly situation, and show beyond peradventure of a doubt that the appellee, a woman who was sick both in body and mind was overreached by her near kindred. It was fraud of the most open kind. Counsel had a right to be present at the arbitration, or at least, should have been given ample opportunity to have done so, and assisted, aided, and advised with our client under the circumstances.

This case at bar is in striking similarity with the case of *Elledge* v. *Polk,* 48 So. 241, wherein it was held that an

award of arbitrators unsanctioned by the court which was made through fraud, will not be enforced.

The chief reliance of appellants is the award of the arbitrators, but no court has ever held, or will ever hold, that an award unsanctioned by the court can prevail, when shown to have been fraudulently conceived, fraudulently conducted, and fraudulently concluded. An award returned into the circuit court by arbitrators appointed under this section (100 Hemingway), should be vacated when it appears that after the submission of the case, the arbitrators heard the unsworn testimony of one party, in the absence of, and without the knowledge of the other or his counsel. *Rand* v. *Peel*, 74 Miss. 305, 21 So. 10. Can this old woman's rights and property be overriden and taken away from her in this manner? We think not. We respectfully submit that the decision of the chancellor should be sustained.

*W. W. Pierce,* for appellant in reply.

Appellee contends that it amounts to fraud of the most open kind for counsel for appellant to receive the original bill filed in said cause, under the circumstances as shown by the record before the court. Mr. Everett, attorney for appellee, testified that he had notice the day before of the arbitration and that he did not make any effort to be present or have the hearing postponed to a later date. There is nothing in the record that shows that the arbitrators did not adhere to the strict rule of dealing openly and fairly and that the entire investigation was made in the presence of the contending parties, and that the arbitrators rendered their award after a full and fair hearing.

Argued orally by *W. W. Pierce* for appellant.

Holden, J., delivered the opinion of the court.

This is a suit in chancery by the appellee, Mrs. Colistia Stewart against her daughter, Mrs. Minnie McClendon,

appellant, to set aside and vacate an arbitration award, and to cancel an assignment to appellant of a certain promissory note, due to appellee by third parties, for the sum of seven hundred dollars. From a decree granting the full relief prayed for, this appeal is prosecuted.

The determining question in the case is whether or not the chancery court erred in vacating the award made by the arbitrators because procured by corruption, fraud, or undue means. Chapter 3, Hemingway's Code; chapter 6, Code of 1906.

The procedure for arbitration and award under the statute was duly followed, and, after the arbitrators had heard the evidence and thoroughly considered the question as to the ownership of the note involved, they decided that the note was the property of the appellant, Mrs. McClendon. On motion to vacate the award, the chancellor heard the testimony presented by both sides, and decreed the award be set aside, and the assignment of the note by appellee to appellant be canceled, and the note restored to appellee.

The complaint of appellant is that the decree of the chancellor is not sustained by the proof in the case. The appellee contends the findings by the chancellor that the appellee, a lady sixty-eight years old, and weak mentally and physically, was overreached in the matter of the assignment of the note and also in the arbitration award, was correct.

We shall not undertake to set out the testimony in this voluminous record, nor shall we discuss the facts, beyond saying that, after a careful reading of the entire testimony several times, and after a patient consideration of the arguments in the briefs, we are unable to find sufficient testimony to warrant the finding of the chancellor that the appellee was "overreached," and that the "award was procured by corruption, fraud, or undue means," as required by the statute. Section 107, Code of 1906; section 94, Hemingway's Code. Nor is the testimony sufficient to show that the assignment of the note by appellee to

appellant, as a gift, was void on account of the mental condition of the assignor, but the proof is conclusive she was mentally sound, and that such assignment was legal and valid.

We have given particular attention to the testimony of the appellee. Mrs. Stewart, and, while our sympathies in such a case may be contrary to our holding, we cannot find, from her testimony, that she was "overreached" or unfairly treated in either the assignment of the note or in the arbitration between her and her daughter with reference to the ownership of the note.

It appears clearly the only excuse she offers in her testimony, why the award of the arbitrators should be vacated, is that she "did not receive justice' in the arbitration. Yet we are unable to find anywhere in the record that any advantage was taken of her in the arbitration proceedings; it appearing she voluntarily entered into the arbitration and received a full and fair hearing on the merits of the controversy.

She did not request a delay, nor did she demand the presence of absent witnesses or an attorney to represent her, but proceeded to conduct her own case with the assistance of her trusted advisor, Dr. Underwood, who was "her mouthpiece" at the trial. Mr. Stewart, the son of appellee, was notified in advance of the arbitration trial, and we see nothing in the record to support the idea that the appellee was forced to trial before she was ready, or that she was denied counsel or any other right due her at the hearing.

In view of the conclusions reached above, the decree of the lower court is reversed, and judgment entered here for appellant.

Reversed, and judgment here for appellant.

*Reversed.*